UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | 2:13-cv-04650-CAS-SHx | Date | February 6, 2014 |
|---|---|---|---|
| Title | HOMERO HARDWOOD FLOORS INC. ET AL. V. RAND BEERS ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:     Attorneys Present for Defendants:

Not Present                          Not Present

**Proceedings:**     **(In chambers:)** BRIEF REGARDING DISCOVERY (dkt. 15, filed January 6, 2014)

The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of February 10, 2014, is vacated, and the matter is hereby taken under submission.

Noncitizen Natalia Yaroshenko seeks to become a permanent resident of the United States in connection with her employment at Homero Hardwood Floors ("Homero"), a corporation located in Los Angeles, California. On July 7, 2007, Ms. Yaroshenko filed a "Form I-140, Immigrant Petition for Alien Worker" with the United States Citizenship and Immigration Services ("USCIS"). On February 26, 2009, that petition was denied. After further proceedings at USCIS, Ms. Yaroshenko, along with Homero and her husband Andriy Shevlyakov, filed this case on July 26, 2013, challenging the USCIS's determination.

On December 9, 2013, the Court held a scheduling conference. At this scheduling conference, the parties raised the issue of whether discovery would be allowed beyond the Certified Administrative Record ("CAR"). The Court directed the parties to file briefs concerning this issue. The Court is now in receipt of those briefs. Dkts. 15, 16.

After reviewing the parties' arguments, the Court concludes that discovery should not be allowed in this matter. Because this is a case seeking judicial review of an agency determination, this Court's evaluation is limited to the USCIS's CAR. See Sw. Ctr. for Biological Diversity v. U.S. Forest Serv., 100 F.3d 1443, 1450 (9th Cir. 1996) ("Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court."); Lands Council v. Powell, 395 F.3d 1019, 1029 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | 2:13-cv-04650-CAS-SHx | Date | February 6, 2014 |
|---|---|---|---|
| Title | HOMERO HARDWOOD FLOORS INC. ET AL. V. RAND BEERS ET AL. | | |

Cir. 2005) ("the Supreme Court has expressed a general rule that courts reviewing an agency decision are limited to the administrative record."). In this case, defendants submitted the CAR on January 30, 2014. Dkt. 17. Discovery outside the CAR is only permitted if plaintiffs show that this case falls within four narrow exceptions: "(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." Lands Council, 395 F.3d at 1030 (quotations omitted). "Though widely accepted, these exceptions are narrowly construed and applied." Id.

Here, plaintiffs' only argument that this case falls within one of these four exceptions is a claim that the "administrative certified record provided by the government does not contain all documents and materials directly or indirectly considered by agency adjudicators such as manuals, memoranda, interpretative rulings, etc." Dkt. 15 at 3. Plaintiffs, however, do not specifically identify what these materials that were allegedly not included in the CAR might be. Nor do plaintiffs explain how or why these materials were allegedly excluded from the CAR. Moreover, "[a]n agency's designation and certification of the administrative record is treated like other established administrative procedures, and thus entitled to a presumption of administrative regularity." McCrary v. Gutierrez, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007). In the absence of at least a prima facie showing that this presumption of administrative regularity should not apply, the Court concludes that plaintiffs have not met their burden of showing that discovery is necessary to supplement the CAR. See Glasser v. Nat'l Marine Fisheries Serv., 2008 WL 114913 at *1 (W.D. Wash. Jan. 10, 2008) ("An agency's designation and certification of the administrative record is entitled to a presumption of administrative regularity which can only be rebutted by the presentation of clear evidence to the contrary.").

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |